UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ENGAI MAUL-BEY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 1:13-cv-75-SEB-DKL |
| JANE BRUBAKER, et al., | ) ) | |
| Defendants. | ) ) | |

**Entry Granting Motion to Dismiss of Defendant Corizon**

For the reasons explained in this Entry, the motion to dismiss discussed herein must be granted.

**Background**

One of several defendants in this civil rights action brought by Engai Maul-Bey is Corizon, Inc. ("Corizon"). At the time pertinent to Maul-Bey's claim, Corizon has been the contract medical provider at the Pendleton Correctional Facility ("Pendleton"), a prison operated by the Indiana Department of Correction.

Corizon challenges the sufficiency of Maul-Bey's complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure. See Hallinan v. Fraternal Order of Police Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 at 667. The court undertakes this context-specific inquiry, drawing on its experience and common sense for guidance. *Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009).

Pro se complaints such as that filed by Maul-Bey are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett,* 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott,* 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). This can mean either that the complaint is insufficient "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

Maul-Bey was confined for a period of time at Pendleton. At the time he was confined at that institution, the State of Indiana had contracted with Corizon for Corizon to provide medical services to inmates at Pendleton and other prisons. Maul-Bey alleges that medical personnel employed by Corizon failed to deliver constitutionally adequate medical care while he was confined at Pendleton.

Maul-Bey's claim is asserted pursuant to 42 U.S.C. § 1983. The court has jurisdiction over that claim through 28 U.S.C. § 1331. This explains the removal of the case from an Indiana state court. In order for a private employer such as Corizon to be liable for the type of Eighth Amendment claim Maul-Bey presents, there must be a plausible allegation that the entity has a custom or policy of denying inmates adequate medical care under the Eighth Amendment. *Shields v. Illinois Department of Corrections*, Slip op. Nos. 12-2746 and 13-1143 (7th Cir. March 12, 2013)(citing cases, including *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009)).

In this case, Maul-Bey's complaint contains no such allegation.. There is no plausible claim asserted against Corizon and for this reason Corizon's motion to dismiss [dkt 16] is **granted.**

No final judgment shall issue at this time as to the claim dismissed in this Entry.

IT IS SO ORDERED.

Date: 03/14/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

ENGAI MAUL-BEY    902647
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064